FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   AUG 17 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JASON J. GARCIA
on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-

J. MARK HELDENBRAND, PC

Defendant.

CV - 12 4187
SUMMONS ISSUED

ROSS, J.

GO, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1.   Plaintiff Jason Joseph Garcia seeks redress for the illegal practices of J. Mark

Heldenbrand, PC in which it unlawfully engaged in the collection of consumer debts in

violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*

("FDCPA").

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the

FDCPA.

4.   The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

debt purportedly owed to DT Credit Corp.

-1-

5.   Upon information and belief, Defendant's principal place of business is located within Phoenix, Arizona.

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Jason J. Garcia

10.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.   On or about March 6, 2012 and April 10, 2012 Defendant sent collection letters communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y.

-2-

Sept. 7, 2011) (Same), <u>Cordes v. Frederick J. Hanna & Assocs., P.C.</u>, 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. <u>Clomon v. Jackson.</u>, 988 F.2d 1314, 1320-21 (2d Cir. 1993), See, e.g., <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232, 1237-38 (5th Cir. 1997), <u>Avila v. Rubin</u>, 84 F.3d 222, 229 (7th Cir. 1996), <u>Martsolf v. JBC Legal Grp., P.C.</u>, No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008), <u>Sonmore v. Checkrite Recovery Servs., Inc.</u>, 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also <u>Suquilanda v. Cohen & Slamowitz LLP</u>., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the

-3-

debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

12.     Although J. Mark Heldenbrand, PC may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Attorney at Law" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

13.     If J. Mark Heldenbrand, PC desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to

-4-

the least sophisticated consumer and violated § 1692e.), <u>Suquilanda v. Cohen &</u>

<u>Slamowitz, LLP</u>  No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer

and without an attorney conducting any meaningful review, Using a "Law Office"

Letterhead States a Claim for Relief under Section 1692e(3)".)

14.     The Defendant printed and mailed, or caused to be printed and mailed, a letter to

Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed

or due, or asserted to be owed or due an original creditor other than.  A true and correct

copy of Defendant's communications are attached hereto.

15.     Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of

letters, to debtors using language substantially similar or materially identical to that

utilized by Defendant in mailing the above-cited letter to Plaintiff.

16.     Defendant mails, or causes the mailing of, thousands of collection letters like the ones

sent Plaintiff without conducting any meaningful review of the accounts.

17.     The letters the Defendant mails, or causes to be mailed, are produced by Defendant's

concerted efforts and integrated or shared technologies including computer programs,

mailing houses, and electronic databases.

18.     The said letters are standardized form letters.

19.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the

communication came from a law firm in a practical sense and for failing to qualify that

the debt had not been reviewed by an attorney.

20.   In the March 6, 2012 initial collection letter, the Defendant stated in pertinent part as
      follows: "The law does not require us to wait until the end of the thirty (30) day period
      before taking action to collect this debt."

21.   Said language contradicts the Plaintiff's right to dispute the debt for the entire initial
      thirty day period.

      Section 1692g(b) of the FDCPA states, "[a]ny collection activities and
      communication during the 30-day period may not overshadow or be inconsistent with
      the disclosure of the consumer's right to dispute the debt or request the name and address
      of the original creditor." 15 U.S.C. § 1692g(b). "Importantly, the FDCPA does not
      assume that the recipient of a collection letter is aware of h[is] right to require
      verification of the debt. Instead, the statute requires the debt collector to inform the
      debtor of his rights by sending him a 'validation notice' with the initial dunning letter (or
      within 5 days thereafter)." Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d
      1060,1064(D. Minn. 2008). (One of the reasons for requiring notice is to "ensure that
      debt collectors [give] consumers adequate information concerning their legal rights."),
      Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988), quoting
      S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. 17
      News 1695, 1702). (However, if the consumer fails to contact the debt collector within
      30 days these rights are lost forever. Id. It is therefore in the interest of an unscrupulous
      debt collector to not actually alert the consumer to his or her rights. Overshadowing
      occurs not only when the validation notice contains contradictory language, but also
      when the overall tenor, form, and context of the communication would mislead the least

sophisticated debtor and encourages him to disregard his rights.), <u>Terran v. Kaplan</u>,109

F.3d 1428, 1432 (9th Cir.1997); see also <u>Voris v. Resurgent Capital Services, L.P.</u>, 494

F. Supp. 2d 1156,1163 (S.D.Cal. 2007). See also <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30

(2d Cir. 1996). (A notice is overshadowing or contradictory if least sophisticated

consumer would be confused as to the consumer's rights. Thus, it makes sense that

under the FDCPA, notice of the thirty-day validation period is mandatory, but is not,

under every circumstance, sufficient to satisfy § 1692g(a); a debt collector must

"effectively convey" the notice to the debtor.), <u>Smith v. Computer Credit, Inc.</u>, 167 F. 3d

1052, 1054 (6th Cir. 1999). (To determine whether a debt collector has "effectively

conveyed" the validation notice, the United States Court of Appeals for the Third Circuit

applies the "least sophisticated debtor" standard. The FDCPA is to be interpreted in

accordance with the "least sophisticated debtor" standard.), See <u>Clark Brown v. Card</u>

<u>Serv. Ctr.</u>, 464 F.3d 450, 453 (3d Cir.2006). (The least sophisticated debtor standard is

"lower than simply examining whether particular language would deceive or mislead a

reasonable debtor."), Smith,167 F.3d at 1054, quoting <u>Swanson v. Southern Oregon</u>

<u>Credit Service, Inc.</u>, 869 F.2d 1222, 1227 (9th Cir. 1988)).

22.    A demand for payment or action by the consumer within a time less than the disclosed

thirty-day validation period contradicts § 1692g(a) and thus violates the FDCPA.

See <u>U.S. v. National Financial Services</u>, 98 F.3d 131, 139 (4th Cir.1996), <u>Russell v.</u>

<u>Equifax A.R.S.</u>, 74 F.3d 30, 34 (2nd Cir.1996), <u>Miller v.Payco-General Am. Credits,</u>

<u>Inc.</u>, 943 F.2d 482, 484 (4th Cir.1991), <u>Swanson v. Southern Oregon Credit Service,</u>

<u>Inc.</u>, 869 F.2d 1222, 1226 (9th Cir. 1988).

-7-

23. Said letter is also a threat to take unintended legal action within the thirty day period.

24. Upon information and belief, Defendant had no intention to take any sort of action even after the thirty day period, as the Defendant send a SETTLEMENT OFFER to the Plaintiff on or about April 10, 2012.

25. In addition, the Defendant's said March 6, 2012 letter imposed upon the Plaintiff a false sense of urgency and false sense of great importance concerning the matter, where the Plaintiff was made to feel obligated to retain an attorney.

26. Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5), 1692e(10), and 1692e(11) for failing to accurately set forth the dispute and verification rights, for threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action, for making "false statements which constituted false or misleading representations creating a false sense of urgency," and for engaging in deceptive and falsely threatening practices.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

27. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty six (26) as if set forth fully in this cause of action.

28. This cause of action is brought on behalf of Plaintiff and the members of a class.

29. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent collection letters bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff, sent within one year prior

to the date of the within complaint concerning DT Credit Corp. (a) the collection letters were sent to a consumer seeking payment of a consumer debt; and (b) the collection letters were not returned by the postal service as undelivered (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692g, 1692e(5), 1692e(10), and 1692e(11).

30.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a)    Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c)    The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

    (d)    The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

    (e)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are

consistent with those of the members of the class.

31.   A class action is superior for the fair and efficient adjudication of the class members'
claims. Congress specifically envisions class actions as a principal means of enforcing
the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally
unsophisticated individuals, whose rights will not be vindicated in the absence of a class
action. Prosecution of separate actions by individual members of the classes would
create the risk of inconsistent or varying adjudications resulting in the establishment of
inconsistent or varying standards for the parties and would not be in the interest of
judicial economy.

32.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class
pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33.   Collection attempts, such as those made by the Defendant are to be evaluated by the
objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

34.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt
Collection Practices Act.

35.   Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff
and the members of the class are entitled to damages in accordance with the Fair Debt
Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and
against the Defendant and award damages as follows:

(a)       Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

-10-

And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
August 13, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-11-



**J. MARK HELDENBRAND, PC**
Attorney at Law
P.O. Box 34772
Phoenix, AZ 85067-4772
Toll Free: 877.264.8498
Bus: 602.254.3400
Fax: 602.257.1064

March 6, 2012

JASON JOSEPH GARCIA
110 GREENSTREET AVE APT A203
BROOKLYN, NY 11222

Re:

Creditor ...................: DT Credit Corp.
Creditor Account#.........: 105010506701
Account# ...............: 578873
Client Account# .......: 105010506701
Balance ...................: $6,142.66

Dear JASON,

Please be advised that this law firm represents the above named creditor in its effort to collect your
delinquent debt as shown above. Please contact our office to make arrangements to pay the unpaid
balance. Please be sure to reference the account number listed above in any written correspondence.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the
validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify
this office in writing within thirty (30) days from receiving this notice that you dispute the validity
of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy
of a judgment and mail you a copy of such verification or judgment. If you request such in writing
within thirty (30) days after receiving this notice, this office will provide you with the name and
address of the original creditor, if different from the current creditor. The law does not require us
to wait until the end of the thirty (30) day period before taking action to collect this debt. This is
an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

Alex Mitchell
Legal Administrator Ext - 105
J. Mark Heldenbrand, PC



**J. MARK HELDENBRAND, PC**
Attorney at Law
P.O. Box 34772
Phoenix, AZ 85067-4772
Toll Free: 877.264.8498
Bus: 602.254.3400
Fax: 602.257.1064

April 10, 2012

JASON JOSEPH GARCIA
110 GREENSTREET AVE APTA203
BROOKLYN, NY
11222

CREDITOR ..................: DT Credit Corp.
ACCOUNT# ..................: 578873
CLIENT ACCOUNT# .: 105010506701

**BALANCE ..................: $6,142.66**

## SETTLEMENT OFFER

Dear JASON :

This letter is to inform you that our client has agreed to accept  $1,571.33 for the above referenced balance as SETTLEMENT IN FULL. Payment for this settlement must be received in this office on or before 05/01/2012. Upon receiving this payment in accordance with this letter, we will notify our client that this account has been resolved. If payment is not received in accordance with the terms of this letter, we will continue our efforts to collect the balance in full.

Payment plans may be available for the settlement amount offered above. Call for details.

Please make checks payable to:  J. Mark Heldenbrand, PC

Sincerely,

Don Kunkel
Legal Administrator Ext 104

**This is an attempt to collect a debt and any information obtained will be used *for that purpose*.**
**This is a communication from a debt collector.**